UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GWENDOLYN R. REDDIC,<br><br>Plaintiff,<br><br>v.<br><br>SARTINI PLAZA, et al.,<br><br>Defendants. | Case No.: 2:18-cv-01384-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Plaintiff's Amended Complaint<br>(ECF No. 5) |

Presently before the Court is *pro se* Plaintiff Gwendolyn R. Reddic's Amended Complaint. ECF No. 5. The Court also considered what was docketed as "Exhibits" (ECF No. 7) and two "Supplements" (ECF Nos. 8 and 9) to Plaintiff's Amended Complaint. The Court finds as follows.

District courts screen complaints brought by plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915(e). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B)(i) ("the court shall dismiss the case at any time if the court determines that the action . . . is frivolous"). Further, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted). Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

On July 31, 2018, the Court granted Plaintiff's Application for Leave to Proceed *in forma pauperis* and dismissed her Complaint without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. ECF No. 3. The Court found dismissal proper for several reasons. *Id*. at 3. First, the body of the Complaint did not specifically list the entities or individuals Plaintiff wished to name as defendants, which is necessary for the Court to determine whether it can exercise jurisdiction over these individuals. *Id*. Second, the Complaint alleged claims that should have been brought pursuant to 42 U.S.C. §§ 1983 or 1985, but Plaintiff made no reference to these statutes. *Id*. Third, Plaintiff failed to provide a short and plain statement of facts as required by Fed. R. Civ. P. 8. *Id*. Accordingly, the Court gave Plaintiff until August 30, 2018 to file an amended complaint correcting the above deficiencies. *Id*. at 4.

Plaintiff filed the instant Amended Complaint on July 26, 2019, nearly a year past the Court's deadline. ECF No. 5. Not only is the Amended Complaint extremely untimely, but it also suffers from the same defects noted in the Court's July 31, 2018 Order. That is, Plaintiff does not specifically identify the individuals or entities she seeks to name as defendants in the body of her Complaint, makes no reference to the statute(s) she is bringing her claims under, and fails to provide any coherent factual bases underlying her claims. *Id*. Overall, the Amended Complaint is frivolous as it consists of stream-of-consciousness allegations and statements regarding unrelated entities and matters. *Id*. The additional documents Plaintiff provided are also factually frivolous.

Plaintiff's Exhibits contain copies of: (1) a court order from the United States District Court for the Southern District of California granting motions for final approval of class action settlement and for attorneys' fees in a separate matter, (2) a check made out to Sartini Plaza for rent, and (3) a physician's report documenting Plaintiff's visit to Southwest Medical Associates, Inc., where she complained of a stomach issue due to what she alleges was contamination of her water with chemicals by some unknown individual residing at her apartment. ECF No. 7. In her first Supplement, Plaintiff claims that some unknown individual(s) entered her apartment while she was sleeping. ECF No. 8 at 2. Plaintiff also contends that she was unlawfully sent to jail by Las Vegas Justice Court Judge David Brown and, upon her release, discovered $4,000.00 went missing from her checking account. *Id*. at 5. Plaintiff did attach records of her summary eviction filed in Las

Vegas Justice Court, but she does not meaningfully discuss how any of these records advance her claims. *Id*. at 9-15. Plaintiff's second Supplement is indecipherable. ECF No. 9. Thus, even when liberally construed, Plaintiff's filings do not present a cognizable claim for the Court to review, and form a rare instance where it appears clear to the Court that the deficiencies discussed herein cannot be overcome by amendment. *Nordstrom*, 760 F.3d at 908; *Cato*, 70 F.3d at 1106.

Accordingly, and in light of the frivolous and delusional nature of Plaintiff's claims,

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 5) be DISMISSED with prejudice as amendment would be futile.

DATED THIS 23rd day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).